<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **OKSANA DVINYANINOVNA,**<br><br>Plaintiff,<br><br>v.<br><br>**PAYROLL FUNDING SERVICES, LLC**,<br><br>Defendant. | Civil Action No. 24-10002 (ZNQ) (RLS)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Payroll Funding Services, LLC ("Defendant").  (ECF No. 12.)  Defendant filed a Moving Brief in support of its Motion.  ("Moving Br.," ECF No. 6-1.)  Plaintiff Oksana Dvinyaninova ("Plaintiff") filed an Opposition Brief ("Opp.," ECF No. 7), to which Defendant filed a Reply Brief ("Reply," ECF No. 8).  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1]  For the reasons set forth below, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendant's Motion.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

1

## I.   BACKGROUND AND PROCEDURAL HISTORY[2]

### A.   Procedural History

Plaintiff filed an initial complaint in the Superior Court of New Jersey, Mercer County, on January 16, 2024.  (ECF No. 6-3 at 3.)  On April 29, 2024, the Honorable R. Brian McLaughlin, J.S.C., dismissed that Complaint without prejudice and granted Plaintiff leave to amend.  (ECF No. 6-4.)  Rather than file an amended complaint, Plaintiff commenced a new action in Superior Court on August 29, 2024.  (ECF No. 1–1 at 8.)  Thereafter, Defendant timely removed the matter to this Court.  (ECF No. 1–1.)  The instant Motion followed.

On June 25, 2025, the Court ordered the parties to meet and confer and file a joint letter advising the Court whether they intended to file the amended complaint in the original state case or whether they intended to litigate this matter as a separate case in federal court.  (ECF No. 9.)  On July 30, 2025, the parties filed a joint letter stating that they intended to litigate the matter in this Court.  (ECF No. 10.)  At the Court's direction, Defendant filed a new notice of motion citing the parties' prior briefing.  (ECF No. 12.)  The instant motion is now ready for review.

### B.   Background

Plaintiff is 48 years old and was born in the City of Kiev, formerly part of the Union of Soviet Socialist Republics ("USSR") and now located in Ukraine.  ("Compl.," ECF No. 1-1 ¶ 5.)  After moving to the United States, she became a naturalized U.S. Citizen.  (*Id.*)  Plaintiff received a legal education at the University of Kiev and holds a bachelor's degree from Rutgers University.  (*Id.*)

In August 2013, Plaintiff was hired by Defendant as a Controller.  (*Id.* ¶ 7.)  Her responsibilities included accounting, preparing and issuing client agreements, filing documents,

---

[2] For the purpose of considering the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

and processing client statements.  (*Id.*)  In the following years, Plaintiff's responsibilities expanded to include, among other tasks, monitoring of three accounts, improving cash flow, providing general account management, and preparing quarterly financial documents.  (*Id.* ¶ 8.)  Plaintiff also performed administrative duties, including managing corporate credit cards and overseeing office supply inventory.  (*Id.* ¶ 9.)  From 2014 to 2022, Plaintiff received positive performance reviews.  (*Id.* ¶ 10.)

In 2022, Defendant's ownership changed.  (*Id.* ¶ 11.)  The new owner also found Plaintiff's work to be satisfactory.  (*Id.*)  When the new ownership hired a new supervisor, Plaintiff showed the new supervisor the tasks that needed to be completed and the business's standard operating procedures.  (*Id.* ¶ 13.)  Neither the new ownership nor the new supervisor informed Plaintiff of any performance issues.  (*Id.*)  At some point in time prior to her dismissal, Plaintiff's "previous supervisor" was also fired.  (*Id.* ¶ 14.)  Plaintiff's previous supervisor was also a woman over the age of 40 and a former citizen of the USSR.  (*Id.*)

On September 15, 2023, about a year into new ownership, Plaintiff was terminated from her position.  (*Id.* ¶ 11.)  Plaintiff was not given an explanation for her termination and claims that she was offered a small severance package that she found to be dishonest and unacceptable.  (*Id.*)  Plaintiff further claims that the new ownership started bringing in younger personnel and started firing older personnel.  (*Id.* ¶ 17.)

Plaintiff brings five causes of action against Defendant related to her termination: (1) age discrimination (Count I); (2) national origin discrimination (Count II); (3) gender discrimination (Count III); (4) unconscionable, defamatory, and outrageous conduct (Count IV); and (5) "compensation for pain and suffering" (Count V).  None of the specific counts identify which

federal or state law they are brought under.  However, Paragraph 37 of the Complaint states in relevant part that:

> [Defendant] engaged in Age discrimination, National origin discrimination and Sex discrimination, unconscionable, defamatory and outrageous conduct against the plaintiff in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*, as well as Section 1981 of the Civil Rights Act of 1866, 2 U.S.C. § 1981 and other state and federal law.

## II.    SUBJECT MATTER JURISDICTION

The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III.    LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Finally, the court must determine whether "the facts alleged in the

complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. <u>DISCUSSION</u>

Although Plaintiff brings five causes of action, she does not identify the legal authority for each of the five claims. Instead, Plaintiff generally avers that she is bringing claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, the New Jersey Law Against Discrimination, and "other state and federal law." (Compl. ¶¶ 15, 37.) In its Motion to Dismiss, Defendant argues that the Complaint does not contain any allegations of discriminatory conduct.[3] (Moving Br. 3–4.) In Opposition, Plaintiff argues that under the simplified pleading standard, the Complaint is sufficient to survive a motion to dismiss. (Opp. at 6.) According to Plaintiff, she does not need to prove a prima facie case at the motion to dismiss stage. (*Id.* at 4–5.) In Reply, Defendant contends that the Complaint is devoid of factual allegations that would demonstrate that discrimination was a factor in her termination. (Reply at 2.) The Court will discuss each of Plaintiff's causes of action in turn.

### A. Age Discrimination (Count I)

Plaintiff's first claim is for age discrimination, which the Court construes to be brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1) and the New

---

[3] Defendant's Motion only argues that the Complaint is devoid of allegations to suggest that Plaintiff was discriminated against. The Court construes this argument to relate to Counts One, Two, and Three of the Complaint. Because Count Four (unconscionable, defamatory, and outrageous conduct) and Five (compensation for pain and suffering) are unrelated to discrimination, the Court does not address them.

Jersey Law Against Discrimination ("NJLAD"). For an ADEA claim, a "plaintiff must allege that: (1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the adverse action occurred under circumstances that create an inference that plaintiff's age was a motivating factor." *Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 80 (3d Cir. 2019). At the motion to dismiss stage, the pleading standard is not meant to be rigid, but need only give the defendant "fair notice of the basis for [the plaintiff's] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To that end, "[t]he complaint need only allege facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element." *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). In a case involving circumstantial evidence, a plaintiff must "allege actions by an employer that, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Id.*; *see also Baldini v. Cnty. of Delaware*, Civ. No. 24-1456, 2024 WL 3327940, at *3 (E.D. Pa. July 8, 2024) (allegations that the plaintiff was replaced by an individual twenty years younger than him were sufficient to defeat a motion to dismiss). Accordingly, there must still be some allegations that would support an inference of discrimination. *See Studders v. Geisinger Clinic*, Civ. No. 20-914, 2021 WL 510077, at *9 (M.D. Pa. Feb. 11, 2021). Claims brought under the NJLAD for age discrimination are governed by the same standard as the ADEA. *See Lawrence v. Nat's Westminster Bank N.J.*, 98 F.3d 61, 65 (3d Cir. 1996).

Here, Plaintiff has undoubtedly alleged facts to satisfy the first three elements of an ADEA claim. First, she alleges she is over 40 years old. (Compl. ¶ 5.) Second, she alleges that she suffered an adverse employment decision, specifically that she was terminated from her job. (*Id.* ¶ 11.) Third, she alleges that she was qualified for her position and that she had always received

6

good or superior ratings. (*Id.* ¶ 10.) The sufficiency of the Complaint's allegations with respect to these factors does not appear to be in dispute.

With respect to the fourth factor, Defendant argues that the Complaint does not allege any discriminatory conduct by Plaintiff and that the sole allegation of a prior termination of another employee is insufficient to support an ADEA claim. (Moving Br. at 5.) Plaintiff, however, alleges more than just the termination of another employee similarly situated to Plaintiff. Importantly, she alleges that after new ownership acquired the company, "they started bringing new young personnel and started firing older personnel." (Compl. ¶ 17.) She further alleges that she was terminated without any explanation, offered a small severance package, was told she was not eligible for unemployment benefits, was never disciplined, and explained company procedures to her new supervisor. (*Id.* ¶¶ 11–13.) These allegations suggest that Plaintiff was performing her job well and that Defendant had no reason to fire her. When those allegations are combined with Plaintiff's assertion that Defendant started replacing older employees with younger employees, one plausible inference is that Plaintiff's termination was premised on her age. *See Martinez*, 986 F.3d at 266.

The allegations in the Complaint are substantially similar to the facts of *Martinez*, in which the Third Circuit found that a plaintiff had plausibly pled a claim for age discrimination under the ADEA. There, the plaintiff alleged that he was hired by a hospital on a three-year contract as its only orthopedic surgeon. *See Martinez*, 986 F.3d at 264. After a new company took over the hospital, it informed the plaintiff that it would continue his contract. *See id.* Less than a month later, however, the hospital fired him and said that it was "moving in a different direction and [the plaintiff's] services were no longer needed." *Id.* (citation modified). Moreover, the hospital told the plaintiff that his termination had nothing to do with his performance. *See id.* And soon after

firing the plaintiff, the hospital hired two new doctors who were "significantly younger," "less qualified," and "less experienced" than the plaintiff, and posted an opening for another orthopedic surgeon. *See id.* The Third Circuit held that these allegations were sufficient to state a claim under the ADEA because they "raise the reasonable expectation that discovery will uncover evidence of discriminatory motive." *Id.* at 267.

Like the plaintiff in *Martinez*, Plaintiff alleges that Defendant began bringing in younger employees and terminating older employees, including both Plaintiff and her former supervisor. (Compl. ¶ 17.) Moreover, the Complaint includes additional allegations, such as Plaintiff's role in assisting her new supervisor, her lack of reprimands or disciplinary issues, her consistently positive performance reviews, and her sudden and unexpected termination without explanation. These additional facts, together with her allegation that Defendant began replacing older employees with younger employees, suggest that Plaintiff's age may have been a motivating factor in her termination. *See Martinez*, 986 F. 3d at 267–68; *see also Williams v. Wilkes Barre Hosp. Co., LLC*, Civ. No. 22-1151, 2023 WL 3671811, at *3 (M.D. Pa. May 25, 2023) (holding that the fourth ADEA element is met by alleging the employer retained a sufficiently younger, similarly situated employee); *Eskinazi v. Corp. Subscription Mgmt. Servs., LLC*, Civ. No. 25-4879, 2026 WL 445809, at *9 (D.N.J. Feb. 17, 2026) (finding discriminatory intent plausibly inferred from allegations that the plaintiff was treated less favorably than younger employees and that male colleagues received credit for her work). Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for age discrimination will be **DENIED**.

### B.    National Origin Discrimination (Count II)

Plaintiff's second claim is for discrimination based on national origin. Although Plaintiff also fails to specify which statute this claim is brought under, the Court construes this claim to be

brought under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and NJLAD.[4]  These statutes

prohibit an employer from engaging in national origin discrimination against an employee and will

be examined together because they fall under the same analytical framework.[5]  *See Qin v. Vertex,*

*Inc*, 100 F.4th 458, 470 (3d Cir. 2024).  "National origin refers to the country where a person was

born, or, more broadly, the country from which his or her ancestors came[.]"  *See Suri v. Foxx*, 69

F. Supp. 3d 467, 479 (D.N.J. 2014).  Although the elements of a *prima facie* discrimination claim

may vary depending on the specific facts, a plaintiff must generally present evidence sufficient to

raise an inference of discriminatory intent.  *See Storey v. Burns Intern. Security Services*, 390 F.3d

760, 764 (3d Cir. 2004).  "A plaintiff may raise an inference of discrimination in various ways,

including by alleging that similarly situated comparators were treated more favorably by their

employer, similar [national origin] discrimination against other employees, or direct evidence of

[national origin] animus such as discriminatory statements allegedly made by supervisors."  *Riley*

*v. Borough of Eddystone*, Civ. No. 24-1835, 2024 WL 4137310, at \*3 (E.D. Pa. Sept. 10, 2024)

(citing *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 703 n.2 (3d Cir. 2010)).

For example, in *Suri v. Fox*, allegations that the defendant said "where do these people

come from," "how do they work in their country," and "that f___in Indian doesn't know how to

do his job," were "sufficient to state a claim of discrimination on the basis of national origin."  69

---

[4] Title VII makes it an "unlawful employment practice for an employer . . . to discriminate against any individual . . ., because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  Section 1981 provides: "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  And the New Jersey Law Against Discrimination proscribes: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination. . .[f]or an employer, because of the race . . . of any individual . . . to refuse to hire or employ or to discharge" the employee.  N.J.S.A. § 10:5-12(a).

[5] There is a split of authority as to whether Section 1981 prohibits discrimination based on national origin.  *Compare Wesley v. Palace Rehab. & Care Center, L.L.C.*, 3 F. Supp. 3d 221, 229 (D.N.J. 2014) (observing that a majority of courts within the Third Circuit have held that claims based solely on national origin do not fall within Section 1981), *with Abdulhay v. Bethlehem Medical Arts, L.P.*, Civ. No. 03-4347, 2004 WL 620127, at \*5 n.35 (E.D. Pa. Mar. 29, 2004) (stating that national origin discrimination claims "clearly fall" within Section 1981).  The Court need not resolve that disagreement here because, even assuming Section 1981 encompasses national origin discrimination, Plaintiff has not pled a plausible claim.

F. Supp. 3d at 479.  Moreover, in *Graves v. Ancora Psychiatric Hosp.*, the plaintiff sufficiently raised an inference of discrimination when she alleged that the hospital where she was employed prevented her from taking a civil service exam despite completing the necessary probationary employment period, while her white and male employees were not subjected to the same treatment. *See* Civ. No. 10-369, 2012 WL 6153428, at *3 (D.N.J. July 13, 2022).  On the other hand, allegations that a plaintiff was of Arab descent, that his employer fired him, and that the termination occurred in violation of his civil rights were insufficient to support an inference of discrimination because they were "factually unsupported legal conclusion[s]" that did not satisfy the pleading requirement.  *See Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 776 (3d Cir. 2009).

Here, Plaintiff alleges that she was born in the USSR.  (Compl. ¶ 6.)  She further alleges that her supervisor, who was also a former citizen of the USSR, was likewise terminated.  (*Id.* ¶ 14.)  Plaintiff contends that because both she and her former supervisor were former citizens of the USSR and were terminated, her termination must have resulted from discrimination based on her national origin.  (*Id.* ¶¶ 19–20.)  These barebone and conclusory allegations, however, provide no facts or circumstances that could plausibly support an inference of unlawful discrimination. The mere fact that Plaintiff and her former supervisor share a similar national origin and were both terminated is insufficient to suggest that Plaintiff's termination was discriminatory.  *See Jackson v. PNC Bank*, Civ. No. 15-230, 2016 WL 7324595, at *6 (W.D. Pa. Dec. 16, 2016) (holding that the termination of two individuals of the same race, without more, does not raise an unlawful discrimination).  Moreover, the Complaint contains no allegations regarding when the former supervisor was terminated or the quality of her job performance.  It also includes no facts suggesting that the former supervisor was even terminated by the new ownership.  Even assuming

10

the new ownership did terminate the former supervisor, there are no allegations that the decisionmakers were aware that Plaintiff and the former supervisor shared the same national origin. *See Sarullo v. U.S. Postal Service*, 352 F.3d 789, 799 (3d Cir. 2003) (affirming dismissal of discrimination claim where the supervisor was unaware of the plaintiff's race or national origin). Nor are there allegations that any of Plaintiff's colleagues or anyone employed by Defendant made any type of discriminatory remark or comment about Plaintiff's national origin.  In sum, the allegations in the Complaint fall far short of stating a claim for national origin discrimination. Accordingly, Count II of the Complaint will be **DISMISSED**.

### C.      Gender Discrimination (Count III)

Plaintiff's third claim alleges that Defendant discriminated against her on the basis of gender.  In support of this claim, Plaintiff only asserts that she and her former supervisor, both women, were terminated, and therefore Defendant must have terminated them because of their gender.  (Compl. ¶ 23.)  This claim also fails to specify the statute under which it is brought.  The Court nevertheless construes this claim as arising under Title VII and NJLAD.

For the same reasons discussed with respect to Plaintiff's national origin claim, Plaintiff's gender discrimination claim likewise fails to allege facts to support a plausible inference of discrimination.  The mere fact that two employees of the same gender were terminated, without more, does not suggest that Plaintiff's termination was related to gender, particularly where the Complaint contains no allegations indicating that the two terminations were connected in time or circumstance.  *See Semple v. Donahoe*, Civ. No. 13-5198, 2014 WL 4798727, at *8 (D.N.J. Sept. 25, 2014) (holding that a complaint was "simply devoid" of allegations to support an inference of discrimination where no facts suggested a causal nexus between the plaintiff's termination and gender); *Dalton v. New Jersey*, Civ. No. 17-4094, 2018 WL 305326, at *7 (D.N.J. Jan. 5, 2018)

(dismissing a gender discrimination claim where the complaint alleged no facts suggesting that the plaintiff was discriminated against because of her gender).  Moreover, although the Complaint is not entirely clear on this point, it appears that Plaintiff's new supervisor was also a woman. (Compl. ¶ 13.)  This further undermines Plaintiff's claim of gender discrimination.  Accordingly, Count III of the Complaint will be **DISMISSED**.

## V.       CONCLUSION

For the reasons stated above, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendant's Motion.  Counts II and III will be **DISMISSED WITHOUT PREJUDICE**.  Counts I, IV and V may proceed.  Plaintiff will be given leave to file an Amended Complaint within thirty (30) days of this Opinion, limited to addressing the deficiencies identified herein.  Any Amended Complaint shall also specify the federal and state authority for each claim Plaintiff asserts.  An appropriate Order will follow.

Date: March 10, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**